IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| SHIPZO CO., <br>     Plaintiff, | § § § | |
| V. | § § | Case No. 2:21-cv-00068 |
| WILLIAMSTON PRODUCTS, INC. <br>     Defendant. | § § § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff SHIPZO Co. ("SHIPZO") respectfully submits this Complaint against defendant Williamston Products, Inc. ("Defendant") and for causes of action would show the following:

### PARTIES

1. SHIPZO Co. is a Texas corporation with its principal place of business in Del Rio, Texas.

2. Williamston Products, Inc. is a Michigan corporation with its principal place of business in Williamston, Michigan.

3. Williamston Products, Inc. can be served with process through any of the following individuals at 845 Progress Court, Williamston, MI 48895:

    (a)    Dawn Lyon, Resident Agent and Treasurer;

    (b)    Jack Fadorchak, President; or

    (c)    J. Michael Mastantouno, Secretary.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332. This suit involves a controversy between parties of diverse citizenship and the amount in controversy exceeds $75,000.00.

5. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). SHIPZO is a citizen only of Texas because it is incorporated in Texas and has its principal place of business in Texas. Defendant is a citizen only of Michigan because it is incorporated in Michigan and has its principal place of business in Michigan. Therefore, this suit is between citizens of different states.

6. As explained below, SHIPZO seeks monetary damages greater than $75,000, exclusive of interest and costs.

7. Venue is appropriate in this district under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to SHIPZO's claims occurred in the Western District of Texas. Defendant agreed to pay SHIPZO in Del Rio, Texas, the relevant contracts between the parties required Defendant to pay SHIPZO in Del Rio, Texas, and a substantial part of the shipping services SHIPZO provided to Defendant were performed in the Western District of Texas.

## BACKGROUND AND CAUSE OF ACTION

8. SHIPZO provides commercial shipping and logistics services to customers across the United States.

9. At Defendant's request, SHIPZO provided a substantial amount of shipping services to Defendant between August 2019 and September 2021. Prior to SHIPZO providing those

services, Defendant promised to pay SHIPZO for all such services in accordance with price quotes from SHIPZO and SHIPZO's standard terms and conditions.

10. Defendant defaulted on its payment obligations to SHIPZO by failing and refusing to pay for 84 shipments that SHIPZO made for Defendant totaling $154,322.18 (principal amount). SHIPZO made written demand on Defendant to pay that full amount, but Defendant has failed and refused to do so. SHIPZO's employees quoted, arranged, tracked, and invoiced all of those shipments from SHIPZO's business offices in Del Rio, Texas, and a substantial part of those shipments physically occurred in the Western District of Texas.

11. All amounts owed by Defendant to SHIPZO are over thirty days past due. Under the terms of the parties' agreements, Defendant is also liable for a late fee of five percent on all amounts more than thirty days past due on 19 of the unpaid invoices.

12. Despite previous requests and demands by SHIPZO for payment, including but not limited to a formal written demand by the undersigned counsel on October 12, 2021, Defendant has failed and refused to pay any part of the balance owed.

13. As of the date of filing this Complaint, SHIPZO is entitled to judgment against Defendant for $154,322.18 (principal), plus $1,591.65 (late fees), plus pre- and post-judgment interest, plus SHIPZO's attorneys' fees and expenses incurred in pursuing its claims against Defendant.

14. All conditions precedent to SHIPZO's right to recover damages from Defendant in the amounts requested in this Complaint have been performed or have occurred.

## COUNT I – BREACH OF CONTRACT

15. SHIPZO hereby incorporates all of the foregoing and ensuing allegations as if fully set forth hereat.

16. Defendant breached its contracts with SHIPZO to pay for SHIPZO's services for 84 shipments. Accordingly, SHIPZO is entitled to recover damages against Defendant for all

amounts due and owing under those contracts for principal and late fees, plus pre- and post-judgment interest and SHIPZO's attorneys' fees and expenses.

### COUNT II – QUANTUM MERUIT

17. SHIPZO hereby incorporates all of the foregoing and ensuing allegations as if fully set forth hereat.

18. As a direct result of SHIPZO's provision of services, substantial benefits were conferred on Defendant. Defendant requested and accepted the benefits of SHIPZO's services.

19. The reasonable value of the services that SHIPZO provided to Defendant that remain unpaid was at least $154,322.18 at the time SHIPZO provided those services. SHIPZO reasonably expected timely payment for all of those services.

20. SHIPZO has presented its claims as described above to Defendant for payment, but Defendant has steadfastly refused to pay any of the claims.

21. Defendant will be unjustly enriched in the amount of $154,322.18 if allowed to retain the benefits conferred on it without payment for the reasonable value of the services provided by SHIPZO described herein.

22. SHIPZO is entitled to from Defendant $154,322.18 (principal), plus $1,591.65 (late fees), plus pre- and post-judgment interest, plus SHIPZO's attorneys' fees and expenses incurred in pursuing its claims against Defendant.

### COUNT III – FEES, EXPENSES, COSTS, AND INTEREST

23. SHIPZO hereby incorporates all of the foregoing and ensuing allegations as if fully set forth hereat.

24. As a direct result of the Defendant's unlawful conduct as explained above, it has been necessary for SHIPZO to pursue its claims and file this lawsuit. Those actions necessarily

require the expenditure of litigation costs and expenses and the hiring of attorneys. Pursuant to the terms of the parties' contracts and Tex. Civ. Prac. & Rem. Code § 38.001 *et seq.*, SHIPZO is entitled to recover from Defendant all of SHIPZO's attorneys' fees and expenses and costs of court incurred in enforcing its claims against Defendant.

25. Further, equity requires that Defendant be required to pay the costs of this action, as well as pre- and post-judgment interest at the highest lawful rates on all amounts awarded. SHIPZO sues for all costs, expenses, attorneys' fees, and pre- and post-judgment interest to which it is entitled to recover from Defendant at law or in equity.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, SHIPZO requests that this Court enter judgment in favor of SHIPZO against Defendant as follows:

(a) awarding actual damages of $154,322.18 (principal) plus $1,591.65 (late fees);

(b) awarding pre-judgment at the highest lawful rate;

(c) awarding the amount of SHIPZO's attorneys' fees, expenses, and costs of court;

(d) awarding post-judgment interest at the highest lawful rate on all amounts awarded; and

(e) awarding such other and further relief to which SHIPZO may be justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
  WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

By: */s/ Kenneth A. Hill*
    Mark S. Scudder
    Texas Bar No. 17936300
    mscudder@qslwm.com
    Kenneth A. Hill
    Texas Bar No. 09646950
    kenhill@qslwm.com
ATTORNEYS FOR SHIPZO CO.